FILED
2015 Feb-12  AM 09:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **VICKI NELSON,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 4:13-cv-1176-KOB** |
| | ) | |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Commissioner of Social Security** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

This matter comes before the court on the magistrate judge's report and recommendation filed January 15, 2015, recommending that the court affirm the ALJ's decision denying the claimant's Title II application for a period of disability and disability insurance benefits. (R. 16). In her report, the magistrate judge also recommended that the court deny the claimant's motion to remand (doc 12). On January 29, 2015, the claimant filed objections to the magistrate judge's report, specifically quoting the magistrate judge's statements from her report to which the claimant specifically objects. (Doc. 17 at 2-3).

After carefully reviewing de novo the magistrate judge's report and recommendation, evaluating the claimant's objections to the report and recommendation, and evaluating the entire record in this case to determine if the ALJ applied the proper legal standards and whether substantial evidence supports the ALJ's decision , the court ADOPTS the magistrate judge's report and ACCEPTS her recommendations to both deny the claimant's motion to remand and affirm the ALJ's decision denying disability benefits.

1

In her objections to the magistrate judge's finding that the Appeals Council did not err in considering the evidence presented to it, the claimant refers to submissions to the Appeals Council that "describe physical and psychological symptoms manifested by *Howard* that, due to their nature and severity, could bear on her condition during the relevant period between 7/1/05 the alleged onset date [sic] 3/11/11 and 1/25/13, the date of the decision." (Doc. 17 at 5). However, the claimant's name in this appeal is not "Howard" and the dates cited in her objections are *not* the dates contained in the appeal record. The court is unclear where this name and these dates come from. The magistrate judge and the ALJ correctly cited the alleged onset date in this case as October 1, 2006, and the date of the ALJ's decision as March 15, 2012.

The court agrees with the magistrate judge's finding in her report and recommendation that the Appeals Council adequately reviewed the claimant's "new evidence"; that most of the "new evidence" related to a period of time not relevant to the time period considered by the ALJ; that none of the "new evidence" reveals that the claimant's condition during the time frame considered by the ALJ was as severe as the later medical records indicate; and that no reasonable possibility exists that consideration of the new evidence would have changed the administrative result. In contrast to the claimant's assertion, the court finds that the Appeals Council did give "some" rationale for its decision, including that the medical records from July 2012 were for a time period *after* the date the claimant was last insured for disability benefits, and thus, would not have affected the ALJ's decision. (*See* Doc. 6-3 at 3). Therefore, the court OVERRULES all of the claimant's objections relating to magistrate judge's finding that the court should not remand under sentence four.

Furthermore, the claimant argues that this court should remand this action based on the

Social Security's subsequent notice of award of disability benefits to the claimant dated August 30, 2013.  The court finds that the subsequent favorable decision granting disability benefits to the claimant is not material to the claimant's application involved in this appeal, as the favorable decision came *seventeen months* after the ALJ's denial of the claimant's Title II application subject to this appeal.  (*See* Doc. 12-8).  Despite the claimant's argument to the contrary, *Carroll v. Social Sec. Admin.*, 453 F. App'x 889 (11 th Cir. 2011), although an unpublished opinion, is not distinguishable.  In *Carroll*, the Eleventh Circuit found that the subsequent award of benefits was not material to the appeal of the previous denial because of the amount of time between the decisions—eighteen months.  In the present case, the time between the ALJ's denial of benefits on March 15, 2012 and the subsequent notice of award on August 30, 2013 was seventeen months—only one month less than the time period in *Carroll*.  The claimant would have the court apply a Ninth Circuit case, *Luna v. Astrue*, 623 F.3d 1032 (9 th Cir. 2010), where the time difference was only *one day*; not only is that case from a different circuit, but the time difference in *Luna* certainly is distinguishable from the seventeen month time difference between decisions in the present case.  The court finds that this subsequent decision granting disability benefits shows that the claimant's conditioned worsened during those seventeen months—not that the claimant's condition was worse than the ALJ found it to be at the time of his decision in March 2012.  The court is unpersuaded by the claimant's objection on this issue and OVERRULES it.

Regarding the claimant's objection to the magistrate judge's finding that the ALJ did not fail to adequately develop the record, the court OVERRULES the claimant's objections and finds that the magistrate judge correctly examined this issue; determined that the ALJ met his burden to develop a full and fair record; and found that the claimant had shown no prejudice from the

ALJ's failure to obtain records concerning a time period after the expiration of the claimant's insured status on June 30, 2011.

The court OVERRULES any remaining objections that simply re-argue the same points rejected by the magistrate judge.   The court finds that the ALJ applied the proper legal standards and that substantial evidence supports his decision in this case. Thus, the court finds that his decision is due to be affirmed.

The court will enter an Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 12th day of February, 2015.


KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE